F I L E D
United States Court of Appeals
Tenth Circuit

FEB 8 2001

PATRICK FISHER
Clerk

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

RONALD FRANCIS,

      Plaintiff-Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; BENT COUNTY
CORRECTIONAL FACILITY;
CHARLES RAY, Warden;
DEPARTMENT OF CORRECTIONS;
PAUL SANZO,

      Defendants-Appellees.

No. 00-1116
(D.C. No. 00-Z-134)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **EBEL**, and **BRISCOE**, Circuit Judges.

Ronald Francis appeals from the dismissal of his action in the district court.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

For the reasons stated below, we affirm.[1]

On March 3, 2000, the district court dismissed, without prejudice, Mr. Francis' negligence and civil rights action against the Corrections Corporation of America and other parties. The court did so because although Mr. Francis attached a copy of his prisoner trust fund account statement to his 28 U.S.C. §1915 motion, that copy had not been certified by a prison official as required by section 1915(a)(2). Mr. Francis was given an opportunity to cure the problem but failed to do so in the time allotted.

Mr. Francis' appeal of that dismissal is frivolous. The statutory mandate of section 1915(a)(2) is clear: "A prisoner seeking to bring a civil action or proceeding without prepayment of fees . . . *shall* submit a *certified* copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately proceeding the filing of the complaint." (emphasis added).

Since the district court's dismissal of the case was without prejudice, Mr. Francis may bring his case again in the district court. All he need do is refile the case along with the appropriate certified prisoner trust fund account statement. The district court will then be in a position to decide what arrangements may be made for the payment of filing fees by Mr. Francis.

---

[1]Mr. Francis' motion for default judgment, filed December 27, 2000, is denied as moot.

The order of the district court dismissing Mr. Francis' case without prejudice is **AFFIRMED**. Mr. Francis is reminded that he must continue to pay to this Court the costs and fees he has incurred in this appeal on the schedule to which he agreed.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge